W. R. McILHANEY v. THE SOUTHERN RAILWAY COMPANY.

*Action for Damages—Railroads—Injury to Person on Track—Contributory Negligence.*

On the trial of an action for damages for injuries caused by the alleged negligence of defendant railroad company, it appeared that a street in Charlotte was entirely occupied by the tracks of the defendant company and of the Seaboard Air Line, the spaces between which were frequently used by pedestrians, and that, on a dark night and for his own convenience, the plaintiff was walking on one of the tracks of the Seaboard Company and, seeing an engine just in front of him, he stepped on defendant's track and was struck by a train moving backwards. He saw the train, but could not tell whether it was moving or not. He was familiar with the surroundings and knew the risks of walking in that street ; *Held,* that it was error to refuse an instruction that, if the jury believed that plaintiff would have been safe if, after stepping from the Seaboard track, he had stopped in the space between that track and the defendant's track, it was negligence for him to go further and that he could not recover.

CIVIL ACTION, tried for damages for injuries resulting from the alleged negligence of defendant railroad company, tried before *Starbuck, J.*, and a jury, at March Term, 1896, of MECKLENBURG Superior Court. The facts appear in the opinion. There was a verdict for the plaintiff, and from the judgment thereon defendant appealed.

*Messrs. Burwell, Walker & Cansler*, for plaintiff.

*Messrs. G. F. Bason* and *J. W. Keerans*, for defendant (appellant).

Montgomery, J.: That section of A street, in Charlotte, between Fifth and Trade streets, is entirely occupied by two tracks of the defendant company and two tracks of the Seaboard Air Line Co., with spaces of from five to seven feet between the tracks. The spaces between the tracks were paved with coal dust and afforded a good walking way—one better than the sidewalks. The tracks were used by the respective railroad corporations for receiving their trains, shifting their cars and other similar purposes. The freight depot was there also.

The night on which the plaintiff was injured was a dark one—so dark that the cross ties could not be seen. It was raining and there were no lights on the street. For his own convenience he was walking upon one of the tracks of the Seaboard Air Line, and, seeing an engine just in front, stepped off and upon the space between the tracks, which he had left, and the defendant's track. The engine was exhausting steam, and the plaintiff, to escape injury from that source, got upon the track of the defendant. Instantly, almost, he was knocked off the track and his leg broken by the rear box car of a train moving backwards, at the rate of between two and four miles an hour.

He testified that when he got upon the defendant's track, and, looking, saw about fifteen feet off, the box car, there was no light on the car, and no bell being rung, and that he could not tell whether the car was moving or not.

The defendant introduced testimony going to show that there was a watchman on the lookout with a light at the end of the car.

The following issues were submitted to the jury: 1. Was plaintiff injured by defendant's negligence as alleged? 2. Did plaintiff, by his own negligence, contribute to his injury as alleged in the complaint? 3. If plaintiff, by his own negligence, contributed to his own injury, could de-

fendant, by the exercise of ordinary care, and notwithstanding plaintiff's negligence, have prevented the injury to plaintiff? 4. What are plaintiff's damages?

The case, as appears from the record, was well tried and the charge was very full and clear and able. But we are of the opinion that a new trial must be had, because of the failure of his Honor to give an instruction prayed by the defendant, which is in these words: "If the jury believe that plaintiff would have been safe if, after stepping from the Seaboard track, he had stopped in the space between that track and the defendant's track, it was negligence for him to go further and place himself on defendant's track, and the answer to the second issue should be " Yes." The plaintiff was acquainted with the surroundings at the section of A street where he was hurt, and he knew for what purposes the four railroad tracks on that street were used. Although the public were accustomed to use the street and the tracks for walking ways, yet the plaintiff must have known that such use was at all times attended with some risk. And this risk was necessarily increased with the darkness of night. The use to which this street was put was a standing warning to pedestrians to be most careful when they undertook to walk through it. By plaintiff's own testimony it was so dark that he could not tell whether a box car fifteen feet off was moving or not, although he says that he stopped and looked at it particularly before he went forward. It was early in the night, being about 8 o'clock, and he had seen at least one engine and train and hands at work, and might have reasonably supposed that the usual work of the railroad would continue for some time. When, under these circumstances, the plaintiff left the safe walking way where he was, a place prepared by the defendant, and where no harm could have come to him had he continued in it, the night being dark and it raining, with no

lights on the street, and put himself on the defendant's track, he was negligent and contributed to his own injury. This is not the case of one attempting to pass at a railroad crossing in a city. If a person should approach a crossing in the night time, and, after looking and listening, should see a moving train or car upon the track apparently at a standstill, without a light on the end, or without the engineer or watchman making some other sufficient signal, or without the engineer, he, without culpability, might attempt the crossing, and if injured by the train he would be entitled to recover damages for the injury. *Mayes* v. *R. Co.*, 119 N. C., 758. 52 N. Y. Court of Appeals, 215. But it must be borne in mind that the place where the plaintiff was injured was not a crossing, but upon a street filled up with four railroad tracks and constantly used for railroad purposes. The facts concerning plaintiff's conduct were undisputed, and we think but a single inference could be drawn from them by fair minded men, and that is, that a prudent man would not have acted as the plaintiff did on the occasion of his injury. The jury found the defendant to be negligent and the plaintiff not guilty of contributory negligence, and under instructions from his Honor did not consider the third issue.

In the next trial it may be necessary for the jury to consider that issue, if the testimony is unchanged. Error.

New Trial.