A. D. WILLIS v. ATLANTIC & DANVILLE RAILROAD COMPANY.

(Decided April 5, 1898).

*Action for Damages—Issues—Trial—Non-suit on Plaintiff's Evidence—Hinsdale's Act—Instructions—Evidence—Railroads—Personal Injuries—Negligence.*

1. Where the issues submitted by the Court on the trial of an action were those properly arising on the pleadings and every phase of the contentions of the parties could be presented thereon, it was not error to refuse to submit others tendered by the defendant.

2. It was not the intention or effect of the passage of Chapter 109, Acts of 1897, to deprive parties of the right of trial by jury in cases where there is any evidence or to make the weight and effect of the evidence always a question of law for the courts.

3. In the trial of a civil action for damages where negligence was alleged it was not error to refuse an instruction that "when the minds of the jury are in doubt they must find for the defendant." Such instruction would not be proper even in the trial of a criminal action in which it is only when there is no reasonable doubt that the jury should find against the defendant.

4. In the trial of an action for damages for personal injuries, where negligence was alleged and contributory negligence was relied upon as a defence, a prayer for an instruction that "the plaintiff would not be entitled to recover" was properly refused since it asked for no instruction as to an issue or issues and also because it left out of consideration the question whether notwithstanding the plaintiff's contributory negligence (if there was such) the defendant might not have avoided the injury by reasonable care.

5. In the trial of an action against a railroad company for personal injuries, defendant's request for instruction which assumed that its rules and regulations were in evidence though defendant had failed to produce them when asked to put them in evidence, and where the testimony of witnesses differed from the facts as recited in the request, was properly refused.

6. A regulation of a railroad company that it is the duty of the track foreman to protect himself against all trains, regular and extra, and that he is entitled to no notice thereof, is unreasonable.

7. A railroad in operating its train is negligent if it fails to carry a headlight, if dark enough to have one, or to ring its bell or sound a whistle at public crossings.

8. The fact that the plaintiff, who was injured by the collision of defendant's train with a hand-car on which he was riding by permission, was not a passenger but a mere licensee does not excuse defendant's gross negligence by which he was injured.

CIVIL ACTION tried before *Adams, J.*, and a jury at October Term, 1897, of Caswell Superior Court. (For report of former appeal in same case see 120 N. C., 508.) The issues submitted and the responses thereto were as follows :

"1. Was the plaintiff injured by the negligence of defendant?" Ans. "Yes."

"2. Did the plaintiff, by his own negligence, contribute to his injury?" Ans. "No."

"3. Could the defendant, by the exercise of ordinary care, have prevented the injury?" Ans. "Yes."

"4. What damage, if any, has plaintiff sustained?" Ans. "$500."

The defendant tendered the following issues in lieu of or as additional to those submitted :

"(1) Was the accident by which plaintiff was injured the result of negligence of the section foreman in charge of the hand car at the time of the accident?"

"(2) Could the defendant through the engineer and other employes in charge of the excursion train, by due and proper care have discovered the hand-car upon the track in time to stop train and prevent accident?"— The Court refused to submit the issues and defendant excepted.

Defendant also objected to the submission of the third issue as given to the jury, on the ground that it did not correctly state the principles governing the question of

contributory negligence, which objection the court over-
ruled, and submitted the issue to the jury ; whereupon
defendant excepted.

Certain instructions asked for by the defendant and
refused by the Court are set out in the opinion.   There
was judgment for the plaintiff according to the verdict
and defendant appealed.

*Messrs. J. W. Graham* and *J. A. Long*, for plaintiff.
*Mr. W. A. Fentress*, for defendant (appellant.)

CLARK, J.:   Every phase of defendant's contention
could be presented upon the issues submitted, and .the
first three exceptions are without merit *Patterson* v.
*Mills*, 121 N. C., 258 ; *Coley* v. *Statesville, Ibid* 301; in-
deed the issues were those properly arising on the plead-
ings.    *Denmark* v. *Railroad*, 107 N. C., 185.

This case was here at a former term—120 N. C., 508.
After it went back, the plaintiff amended his com-
plaint in several particulars, especially in charging neg-
ligence specifically in that the defendant ran the excur-
sion train "without any notice to the section master of
the hand car, though there was ample opportunity; that
it was run at great speed, with no head-light on the en-
gine, after 7 o'clock p. m., around a sharp curve known
to be dangerous, and where it was impossible to see far
ahead, and though a storm was raging, which prevented
the train from being heard, no bell was rung nor any
whistle sounded for the station at Blanch or the cross-
ings near that place, though the track was much used
by pedestrians, which fact was well known to the de-
fendant; that the hand-car was also run at a dangerous
speed and in disregard of the regulations caused by the
failure of the defendant to give notice of the running

of said excursion train, and that the plaintiff was assigned a seat on the hand-car, and in nothing contributed to his own injury."

The fourth exception was that the court refused to non-suit the plaintiff under the provisions of Chapter 109, Acts 1897. That Act was not intended to deprive parties of the right to trial by jury where there is any evidence, and it is but rare that counsel, who advise the bringing of an action, will not be able to produce at least enough evidence to carry the case to the jury. This has been sufficiently commented upon in *Ice Company* v. *Railroad, Cable* v. *Railroad, Whitley* v. *Railroad, Johnson* v. *Railroad* and other cases at this term, to make it plain that the court does not deem that the effect of the Act has been to make the weight and effect of the evidence in damage suits always a question of law for the courts.

The refusal of the defendant's 1st., 12th. and 13th prayers are his 5th., 6th. and 7th exceptions.

The first prayer of the defendant was that "When the minds of the jury are in doubt (whether there was negligence or not) they must find for the defendant." This was properly refused. It would not even be correct in a criminal action. In every case, civil or criminal, where there is conflicting evidence, there is probably more or less doubt in the minds of the jury. It is only when there is no reasonable doubt that they should find against the defendant in a criminal action. In a civil action, as the Judge charged, the burden is on the plaintiff to make out his case by the preponderance of the evidence.

The 12th prayer was properly refused. First, because it did not ask an instruction as to an issue or issues, but that "the plaintiff would not be entitled to recover,"

(*Witsell* v. *Railroad Company*, 120 N. C., 557; *Bottoms* v. *Railroad*, 109 N. C.. 72; *Farrell* v. *Railroad*, 102 N. C., 390; *McDonald* v. *Carson*, 94 N. C., 497) and also because it leaves out of consideration whether, notwithstanding the plaintiff's contributory negligence (if there was such), the defendant might have avoided the injury by reasonable care.

The 13th prayer was properly refused. It assumed that the rules and regulations were in evidence though the defendant failed to produce them when asked to put them in evidence, and the testimony of the witnesses differed from the recital of facts in the prayer. Besides, if there was a regulation that "it was the duty of the track foreman to protect himself against all trains, regular trains and extra, and was entitled to no notice," it would be an unreasonable regulation.

The 8th and 9th exceptions are to the modifications of the 7th and 8th prayers for instructions by adding the words "unless they believe the defendant was guilty of negligence in these other respects which I have mentioned." These other respects were the failure to carry a headlight if dark enough to require it, and the failure to ring the bell or sound the whistle at public crossings, near the point of collision, which were more than usually imperative in consideration of the sharpness of the curve, the darkness and the storm. All the balance of the thirteen prayers offered by the defendant were given.

The court properly told the jury that the plaintiff was not a passenger, but a mere licensee riding on the handcar by permission, and that as such he took all the risks of that mode of travel (such as injury by the hand-car running off the track, and the like). But this did not give the defendant the privilege of killing or maiming

him at sight by its gross negligence in running a train at high speed out of schedule time, without notice to the foreman, without sounding the whistle at the crossings, ringing no bell, and without a head-light in the approaching darkness and in a raging storm.

The 10th and 11th exceptions are that there was no evidence to justify the charge of the court as to the absence of a headlight and the failure to sound the whistle at the crossings. These instructions were guarded and properly left to the jury the determination of the questions whether there was a necessity for a headlight, and as to whether there were any public crossings near by, and whether the whistle was sounded. There was enough evidence to warrant his doing so.

The other exceptions present no substantial error. The case was fairly presented to the jury.

Affirmed.