McILHANEY v. SOUTHERN RAILWAY COMPANY.

(Decided May 17, 1898.)

*Petition to Rehear—Action for Damages—Railroads— Injury to Person on Track —Continuing Negligence— Contributory Negligence.*

1. While, at a time or in a place of increased risk of accident to a person rightfully on a railroad track, there is required of him an increased degree of care to avoid an accident, there is required of the railroad a proportionately greater degree of care in managing its train at such time and place than at others.

2. Where, in the trial of an action for damages for injuries caused by the alleged negligence of defendant railroad company, it appeared that a street in Charlotte was entirely occupied by the tracks of the defendant and of the Seaboard Air Line, the spaces between which were frequently used by pedestrians ; and that, on a dark night and for his own convenience, the plaintiff was walking on one of the Seaboard tracks, and, seeing an engine just in front of him, he stepped on the defendant's track and was struck by a train moving backwards on the track, and although he saw the train he could not tell whether it was moving or not, as he saw no signal lights on the train and heard no ringing of a signal bell, *Held*, that it was not error to refuse an instruction that, if the jury believed plaintiff would have been safe, if, after stepping from the Seaboard track, he had stepped in the space between it and defendant's track, he was guilty of contributory negligence by getting upon defendant's track.   (Overruling former decision in same case, 120 N. C., 551.)

FAIRCLOTH, C. J., and CLARK, J., dissenting.

PETITION by plaintiff to rehear the case between the same parties decided at February Term, 1897, and reported in 120 N. C., at p. 551.

*Messrs. Burwell, Walker & Cansler* for petitioner.
*Messrs. G. F. Bason, J. W. Keerans,* and *A. B. Andrews, Jr., contra.*

Montgomery, J.: After hearing additional argument in this case and after a more thorough investigation of the precedents, we feel satisfied that a new trial ought not to have been ordered when the case was first before the court, reported in 120 N. C., 551. The facts are set forth in detail in the reported case. The second issue was as to whether or not the plaintiff contributed to his own injury. His Honor refused to give an instruction on that issue, which was in these words: "If the jury believe that plaintiff would have been safe, if, after stepping from the Seaboard track, he had stopped in the space between that track and the defendant's track, it was negligence for him to go further and place himself on defendant's track, and the answer to the second issue should be 'Yes.'" For the refusal of his Honor to give that instruction this court granted a new trial. His Honor's ruling ought to have been sustained.

If the plaintiff had been walking at night on the railroad track, on which persons were accustomed to walk at a place not used for such purposes as the railroad company was using the place where the plaintiff was injured, and the plaintiff had been hurt in a collision with a car which was being shoved backwards without a light on the car or without sufficient lights on the streets, or without ringing the bell of the engine propelling the car, he would have been entitled to recover for the injury unless he saw the car or could have seen it and failed to get off the track. The company's negligence in such a case would be continuing and the proximate cause of the injury. But at the place where the plaintiff was injured, a section of A Street, between Fifth and Trade, used by two railroad companies, with four tracks, for receiving their trains, shifting their cars and as a freight depot, the danger to all persons who

McILHANEY *v.* RAILWAY.

might go to that point would be increased as a matter of course, and the effect of the former decision in this case was to hold the plaintiff to a greater degree of care because of his presence there at that time. We failed, however, to require on the part of the company a greater and proportionate degree of care in managing its trains there than at other points. In the reported case the court said: "The use to which the street was put was a standing warning to pedestrians to be most careful when they undertook to walk through it." While that was correct, yet the company ought to have been held responsible for a corresponding degree of increased care for the safety of those persons who might be and who had a right to be in that place of more than ordinary risk.

The trial was properly conducted in all respects below, and the order granting a new trial is revoked. The judgment of the court below is

Affirmed.

DOUGLAS, J., (concurring): As I concurred in the judgment of this Court, reported in 120 N. C., 551, I think it proper to say that, after a more careful consideration of the princples involved, I fully concur in the present opinion of the court, holding that there was no error in the trial below. As my opinion then was erroneous, I am glad to correct the error at the earliest possible moment, to prevent its becoming incorporated in the jurisprudence of our State. It is true that this Court will, on rehearing, reverse its deliberate judgment only for the gravest reasons, because it stands as a decided case ; but, when the petition appeals to the conscience of the Court, while a rehearing is a matter of legal discretion, it is of moral right. As said by Judge Pearson, *flos judicum*, in his dissenting opinion in *Gas-*

McIlhaney v. Railway.

kill v. King, 34 N. C., 211, "Let a case be taken, as settling the law, prima facie; but if it is shown not to be supported by principle and the 'reason of the thing,' let it be overruled—the sooner the better; for, if the error is allowed to spread, it may insinuate itself into so many parts and become so much ramified as to make it impossible to eradicate it, without doing more harm than good. But if the seed has not spread too much, pull it up and throw it away."

The two railway companies had taken possession of part of a public street, on which they had laid four tracks, not for the convenience of the public, but purely for their own benefit. The plaintiff was not a trespasser, nor even a licensee; he was there by right, fully as much so as the defendant. If the defendant had increased the danger of travelling a public highway by its own act, it had by that act imposed upon itself a greater degree of care. It cannot be heard to say that it has made the highway so dangerous as to impose upon the plaintiff so high a degree of care as practically to defeat his recovery no matter how great its own negligence. The plaintiff was between the tracks on the usual walk, and stepped upon the adjoining track to avoid the escaping steam of an engine, which of course drowned any ordinary sound. He testified that he saw the car that struck him, but did not think it was moving, as no bell was being rung and no light was on the car. The jury apparently believed him. Under these circumstances we must affirm the judgment below or overrule our own decisions in the cases of Hinkle, Lloyd, Stanley and Purnell. The charge of the court was full and presented the case to the jury fairly and intelligibly. The facts were found by them under proper instructions, and I now see no reason to disturb their verdict.

FAIRCLOTH, C. J., and CLARK, J., dissenting: We think the former opinion in this case (120 N. C., 551) was correct.