CLARK, C.J., dissenting, arguendo. *Page 461 
The plaintiff alleged and introduced evidence to prove that he was walking along and near the track of the defendant company in the town of Highland, just below and east of Hickory, when he was struck and badly injured by an engine pulling a train of the defendant, which was running, six hours late, at a high rate of speed. There was evidence in the case tending to show the following facts: That the plaintiff was using the track of the defendant for his own convenience as (624) a walkway, and when he saw the train approaching him he stepped from the track, but, not having reached a place of safety in time, he was struck by the engine and injured. The headlight of the engine had been extinguished, and the engineer gave no signal of the approach of his engine. Five hundred yards west of Highland there was a crossing used by the employees of a furniture factory and even by the public generally, and 250 yards still farther west there was a street crossing within the corporate limits of Hickory. By reason of the darkness, it being midnight, and the absence of a headlight, the plaintiff could not see the engine as it came towards him. No signals, by bell or whistle, were given at the crossings. There was other evidence that tended to show that there was a headlight, and that without one the train could be seen by the plaintiff or any one on the track a sufficient distance for him to leave the track in time to avoid any injury. The different phases of the evidence were presented to the jury by the court, with instructions as to the law, except in the particulars hereinafter mentioned.
The defendant requested the court to charge the jury as follows: "The purpose aimed at in requiring that the whistle shall be sounded or the bell rung on approach of an engine and train to a highway crossing is to give notice to travelers on such highway of the approach of the train to such crossing. If, therefore, you find from the evidence that the plaintiff was walking on or along the defendant's ordinary track, not at a highway crossing or other place where he had a right to be, then the defendant was not required either to sound its whistle or ring its bell at the highway crossing west of the point where the plaintiff was injured, in order to give him notice of the approach of its engine or train to such highway crossing, and such failure would not constitute negligence, if you should find there was such failure." This instruction was given, but with this addition, "unless you shall find from the evidence (625) that the engine had no headlight."
There was a verdict and judgment for the plaintiff, and the defendant appealed.
After stating the case: The defendant excepted to the amendment of the instruction and insisted that it should have been given as it was asked. In this view we concur, and think the judge erred in so modifying the instruction as to make its application to the case depend upon the presence of a headlight. It was clearly the duty of the defendant to run its train in a prudent manner and with such appliances as are approved and in general use, as a headlight, as will enable persons on its track to know of the approach of the train, if they exercise due care by looking and listening. If the train is no operated that it cannot be seen or heard in time for persons on the track, not at a crossing, to escape therefrom and avoid injury, then the defendant's engineers should give such signal by bell or whistle, and sometimes perhaps by both, as may be reasonably sufficient to warn persons on the track of the approach of the train. Edwards v. R. R.,132 N.C. 99.
The duty of the railroad company is to give reasonable and proper warnings for the protection of travelers on a highway when trains are approaching, and a traveler may be said to have the right to presume that this duty will be performed, but this does not discharge him from the duty to exercise care for his own safety. If the defendant fails to give such signals as the circumstances reasonably require to warn a traveler on a highway which crosses the track, and the latter is injured by reason thereof, and has not proximately contributed to his own injury by failing to look and listen, or, in other words, to exercise the care of a prudent man, there is actionable negligence, and he may recover (626) for the injury. The warning should, of course, be given at a sufficient distance to be effectual for the purpose intended. 9 A. and E. Enc., 413. The omission to give the signal at a crossing does not, as we have stated, relieve the traveler on the highway of the duty, as a prudent man, to look and to listen. Cooper v. R. R., 140 N.C. 209. "Both parties are charged with the mutual duty of keeping a careful lookout for danger, and the degree of diligence to be used on either side is such as a prudent man would exercise under the circumstances of the case in endeavoring to perform this duty." Improvement Co. p. Stead, 95 U.S. 161. But it is held, as we think, by the great weight of authority that the duty to give signals near crossings of the approach of trains does not exist in favor of persons walking along the track or parallel with and dangerously near the same, when such pedestrians are on or near the track between the crossings; and the failure to give crossing signals, as to them, is not negligence per se, but is only evidence of negligence in proper cases. The principle will be found stated with clearness in 8 A. and E. Enc., 409, 410, the cases being collected in the notes. A person walking on a railroad track or so near thereto as to be in danger *Page 463 
of being struck by a passing train cannot complain of any breach of duty which the railroad company did not owe to him. Traveler on a highway which crosses a railroad track have the right to use the highway, and are therefore entitled to notice of the approach of trains to the Crossing, but pedestrians using the track as a walkway cannot claim that the same duty of giving warning near crossings is due to them, for they are not using the highway. Randall v. R. R., 109 U.S. 478. But the fact that no such warning was given, while not negligence per se as to the pedestrian using the track for his own convenience, may be evidence of negligence as to him in the operation of the train, when it is run in the night-time without a headlight, and prudence requires a warning to be given. There was evidence in this case that the plaintiff, (627) when he was injured, was where people in the vicinity were accustomed to walk, and under the circumstances he was entitled to notice of the approach of the train, if there was no headlight and it was so dark that be could not see it in time to leave the track. Purnell v. R. R.,122 N.C. 832; Heavener v. R. R., 141 N.C. 245; McIlhany v. R. R.,122 N.C. 995; Lloyd v. R. R., 118 N.C. 1010. He alleged that no warning by bell or whistle was heard by him; and the fact that there was no signal given for the crossing, if such was the fact, is some evidence to be considered by the jury as to whether the train was carefully operated at the time of the injury, and as to whether proper warning was given to him of the approach of the train, though it was not conclusive upon the question of negligence, so as to justify an instruction from the court clearly implying that if there was no headlight on the engine it was negligence not to give the usual signals for the crossings. If the plaintiff was a mere trespasser on the track, using it for his own convenience or without any license or permission of the company, express or implied, he certainly is not entitled to rely on a crossing signal, as the company owed no duty to him other than to enable him, by its careful operation of the train with respect to the place where lie was hurt, to escape danger. Its failure to have a headlight, so that he could see the train as it approached, was negligence as to him. If lie actually saw the train or heard it as it approached him, and failed to clear the track, if be had reasonable time to do so, he was guilty of negligence which defeats his recovery. The doctrine is thus stated in Williams v. R. R., 135 Ill. 491: "In order to a recovery for negligence, it is not sufficient to show that the defendant has neglected some duty or obligation existing at common law or imposed by statute, but it must be shown that the defendant has neglected a duty or obligation which it owes to him who claims damages for the neglect. The duty of railroad companies to ring a bell (628) or sound a whistle on a train approaching a highway crossing *Page 464 
is intended for the protection or benefit of travelers upon the public highway and passengers upon the passing train, and the place indicated is the intersection of a railroad with a public highway." It may be tersely expressed thus: If the defendant owes a duty, but does not owe it to the plaintiff, the action will not lie in favor of the plaintiff, even if there is a breach of the duty. Sh. and Redf. on Neg. (4 Ed.), sec. 8; Bish. on Noncontract Law, sec. 446. Reid v. R. R., 140 N.C. 146, which was cited by the plaintiff's counsel in support of their contention, is not in point, as there the injured person was on the highway or street, where she had the right to be. In Fulp v. R. R., 120 N.C. 525, there was a nonsuit, and it would have been correct to hold that the failure to give the proper signals for the crossing was evidence of negligence, but in fact the decision turned upon an erroneous instruction that if a signal given at the usually safe distance would not have aroused the plaintiff's intestate, who was lying drunk upon the track, there was no negligence, which excluded from the consideration of the jury the duty of the defendant to avail itself of the last clear chance to save the life of the intestate. In other cases where it has been held that a failure to give the proper signal of the approach of a train to a crossing is negligence, it will be found either that the injured party was attempting to cross the track on a public highway or that there were other facts and circumstances which actually controlled the decision of the Court without necessarily involving the principle herein discussed. Stewart v. R. R., 136 N.C. 385, is the only case where any very clear intimation as to the law upon this question is given, and it was in favor of the view we take in this case.
If the plaintiff was where lie had a right to be when he was injured, it may be that the conduct of the defendant in operating its train constituted actionable negligence, within the principle laid down in (629) Read v. R. R., supra, and the cases therein cited, and also in Heavener v. R. R., supra. But we are unable to say upon what theory or under which part of the charge of the court the verdict was based, amid therefore error in any one of the instructions which may have influenced the jury entitles the defendant to a new trial. Tillett v. R.R., 115 N.C. 663; Williams v. Haid, 118 N.C. 481; Edwards v. R. R.,132 N.C. 99. The cases we have cited relate to conflicting instructions, but the principle upon which they were decided applies with equal force to a case of this kind, when it is impossible to determine upon which of the instructions the jury proceeded in finding their verdict.
New trial. *Page 465