LENA DRENA, Respondent, v. THE TRAVELERS INSURANCE
COMPANY, Appellant.

Third Department, July 8, 1920.

Trial — charge — right to have charge on preponderance of evidence — necessity that court use exact language of counsel in giving requested charge.

In an action to recover upon a life insurance policy upon the life of the plaintiff's husband, the sole question in dispute was whether the first premium had been paid, and the court charged that a fair preponderance of the evidence entitling the plaintiff to recover "does not mean the greatest number of witnesses, but it means that evidence which appeals to you as being nearer the truth than the other evidence in the case." The defendant then requested the court to charge that "if the jury should find the evidence evenly balanced, or unable to tell where the truth lies, then their verdict must be for the defendant." The court in refusing to give the charge as requested on the ground that it had already been charged, stated "That does not mean the most; it means if the evidence is evenly balanced as to credibility of the witnesses given and the number of witnesses then your verdict must be for the defendant, of course." Held, that the request was proper and that it was error to refuse it unless the jury had been otherwise charged to the same effect.

It is unnecessary for the court, in its charge, to adopt the language of counsel upon a point already sufficiently charged.

The use of the words by the court "and the number of witnesses," after speaking of a balance as to the credibility of the witnesses, was not prejudicial to the defendant as the number of witnesses upon the disputed question was equal.

The request made by the defendant's attorney to charge was substantially complied with and in a manner not prejudicial to the defendant.

APPEAL by the defendant, The Travelers Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 20th day of October, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 7th day of November, 1919, denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Hinman, Howard & Kattell* [*Thomas B. Kattell* of counsel], for the appellant.

*Sherman & Chernin,* for the respondent.

JOHN M. KELLOGG, P. J.:

This action is to recover upon a life insurance policy upon the life of the plaintiff's husband. The sole question in dispute was whether the first premium had been paid. The plaintiff swore it was paid in her presence; the defendant's agent denied the payment, claiming that the policy was loaned to the plaintiff for the purpose of examination with a friend. The defendant's agent swore that at the time he left the policy with the plaintiff it was understood he was to call at the tannery where the husband worked, on the next pay day, and get the premium. He called at the tannery on that day and was told the insured was not there and he called again in a few days and was informed that the insured was dead. Upon this evidence, and the circumstances connected with it, the jury was to determine whether the premium had been paid. It cannot be said that a finding either way would be against the evidence.

The court charged the jury that in order to find for the plaintiff she must prove her claim by a fair preponderance of evidence. " That does not mean the greatest number of witnesses, but it means that evidence which appeals to you as being nearer the truth than the other evidence in the case." At the close of the charge the defendant requested a charge that " if the jury should find the evidence evenly balanced, or unable to tell where the truth lies, then their verdict must be for the defendant." The court replied: " That is covered by the charge on preponderance of evidence. That does not mean the most; it means if the evidence is evenly balanced as to credibility of the witnesses given and the number of witnesses then your verdict must be for the defendant, of course." Defendant excepted. The request was proper and it was error to refuse it unless the jury had been otherwise charged to the same effect. It is unnecessary for the court, in its charge, to adopt the language of counsel upon a point already sufficiently charged. The court stated that the request was covered by the charge already made and then explained that the charge did not mean that the plaintiff must have the most evidence but if the evidence is equally balanced as to the credibility of the witnesses sworn, then the verdict must be for the defendant. The court inserted the

words " and the number of witnesses," after speaking of a balance as to the credibility of the witnesses. This could not have confused the jury and was not prejudicial to the defendant. As we have seen, the case rested upon the testimony of the wife and the defendant's agent, who directly contradicted each other, and each of them was more or less interested in the result. As to the number of witnesses upon the disputed question, the parties stood equal, and the reference to the number of the witnesses, therefore, was without force and was unprejudicial to the defendant. If it had any bearing it leaned towards the defendant as the defendant's agent was, in a way; corroborated by the foreman at the tannery.

We conclude that the request was substantially complied with and in a manner not prejudicial to the defendant. The judgment and order should, therefore, be affirmed, with costs.

Judgment and order unanimously affirmed, with costs. KILEY, J., not sitting.