### THOMAS J. BILLINGS v. CHARLES B. RENEGAR.

(Filed 3 November, 1954.)

1. **Negligence § 9—**

Foreseeability of injury is a requisite of proximate cause, and if injury cannot be reasonably foreseen in the exercise of due care, defendant is not liable.

**2. Automobiles §§ 7, 18b—**

The doctrine of foreseeability applies even though the action is based on the violation of a motor vehicle regulation.

**3. Negligence § 20—**

Illustrations used by the court in its charge on the question of proximate cause *held* not prejudicial in this case.

**4. Same: Negligence § 20—**

The charge of the court in this case *held* not subject to the objection that the jury was instructed that it must find defendant guilty of all the acts of negligence complained of in order to support an affirmative answer to the issue of negligence, it appearing that the court correctly charged that if plaintiff proved any of the acts of negligence alleged and further proved that defendant's negligence in any one or more of these respects was the proximate cause of the collision, to answer the issue of negligence in the affirmative, and that the subsequent portion of the charge objected to could not have misled the jury on this aspect, construing the charge contextually.

**5. Trial § 31d—**

An instruction that if the jurors were unable to make up their "minds about how the thing occurred" to find for the defendant, though not approved, *held* not prejudicial when the charge is construed as a whole, the court having repeatedly charged that the burden was on plaintiff to prove his case by the greater weight of the evidence.

**6. Automobiles § 18i—**

The failure of the court to charge the law concerning the operation of an automobile while under the influence of intoxicating liquor *held* not error, there being neither allegation nor proof that defendant at the time was operating his car while under the influence of intoxicating liquor.

**7. Trial § 31b—**

In order for it to be incumbent upon the court to charge the law upon a particular aspect of law, there must be both allegation and proof in regard thereto.

**8. Appeal and Error § 38—**

The burden is on appellant not only to show error, but to show prejudicial error amounting to the denial of some substantial right.

APPEAL by plaintiff from *Pless, J.,* July Civil Term 1954 of WILKES.

Civil action to recover damages for personal injuries and damage to an automobile allegedly caused by the actionable negligence of the defendant.

The defendant answered denying any negligence on his part, and alleging that if it should be found that he was guilty of negligence, then the plaintiff was guilty of contributory negligence. The defendant in his further answer and counterclaim alleged that he was seriously injured and his automobile damaged by the actionable negligence of the plaintiff, and he seeks to recover damages.

The plaintiff filed a reply to defendant's further answer and counter-claim in which he alleges that if it should be found that he was guilty of negligence, then the defendant was guilty of contributory negligence.

The plaintiff and the defendant offered evidence tending to support the allegations in their pleadings. On the afternoon of 15 August 1953, the plaintiff was driving his Ford automobile in a westerly direction on N. C. Highway No. 268 in Wilkes County. At the same time the defendant was driving his Mercury automobile in an easterly direction on the same highway in Wilkes County. When the two automobiles met, they collided. Both plaintiff and defendant were seriously injured in the crash. The evidence offered by the plaintiff, and that offered by the defendant was in sharp conflict as to how the collision occurred.

Eight issues were submitted to the jury. The first issue: "Was the plaintiff injured and damaged by the negligence of the defendant, as alleged in the complaint?", was answered by the jury "No." The fifth issue: "Was the defendant injured and damaged by the negligence of the plaintiff, as alleged in the counterclaim?", was answered "No."

The plaintiff appealed, assigning errors.

*James C. Smathers and W. H. McElwee, Jr., for Plaintiff, Appellant.*
*Hayes & Hayes and James Randleman for Defendant, Appellee.*

PARKER, J.    The assignments of error brought forward by the plaintiff, and discussed in his brief, relate solely to the charge of the court on the first issue.

The trial court instructed the jury that the plaintiff alleges actionable negligence on defendant's part, and that consists of two elements: the first being negligence, and the other proximate cause. He then defined negligence in words unexcepted to by plaintiff, and followed it with this language, which the plaintiff assigns as error (assignment of error No. 2) : "The law is made for all of us. It recognizes that we all have our frailties, and therefore it does not require that we will be able to foresee what is going to happen, but it does require that we so conduct ourselves that we have due regard for the rights of our fellowmen, and that we foresee what might reasonably be foreseen, although it does not require what is known as prevision." The next words of the charge are: "The other element, gentlemen, of actionable negligence is proximate cause which means, etc."

It is thoroughly established by our decisions that foreseeability of injury is a requisite of proximate cause. *Davis v. Light Co.*, 238 N.C. 106, 76 S.E. 2d 378, where the cases are cited.

"The law requires reasonable foresight and, when the result complained of is not reasonably foreseeable in the exercise of due care, the party

whose conduct is under investigation is not answerable therefore . . ." *Newell v. Darnell,* 209 N.C. 254, 183 S.E. 374; which excerpt is quoted with approval in *Roberson v. Taxi Service, Inc.,* 214 N.C. 624, 200 S.E. 363, and in *Whitley v. Jones,* 238 N.C. 332, 78 S.E. 2d 147.

After defining proximate cause the court then instructed the jury: "It is also the law, gentlemen of the jury, that where a person violates a law which has been enacted for the public safety, that that is negligence in itself; that is, gentlemen of the jury, a person violates a law, for instance, without brakes adequate to control his car under ordinary conditions and does so knowingly, that would be negligence. If that were the cause of a collision between him and another car, it would be what is known as actionable negligence." This quoted part of the charge is plaintiff's assignment of error No. 3.

The plaintiff makes these contentions: The violation of the safety statutes is negligence *per se,* and the element of foreseeability does not apply, if the violation of such statutes becomes a proximate cause of injury. That the plaintiff alleged and offered evidence tending to show that the defendant violated certain safety statutes regulating the operation of automobiles, thus causing plaintiff's injuries. That the use of the word knowingly by the court in its illustration dovetailed in with the definition of negligence used by the court in its charge; "this, of course, referring to the element of foreseeability." That the illustration used by the court was highly prejudicial.

The assignments of error Nos. 2 and 3 are not valid. *Barnhill, C. J.,* speaking for a unanimous Court said in *Aldridge v. Hasty,* 240 N.C. 353, p. 359, 82 S.E. 2d 331: "When the action is for damages resulting from the violation of a motor vehicle regulation, does the doctrine of foreseeability apply? We are constrained to answer in the affirmative."

Assignment of error No. 4 refers to this illustration used by the court in its charge: "Now, to show you, gentlemen of the jury, what I mean by the plaintiff having to establish both negligence and proximate cause, I give you this illustration: Suppose two cars have a head-on collision at midnight, both of them have the proper headlights, but one of them does not have any tail light. Well, the law says that a car has to have tail lights burning, and consequently the failure to have burning tail lights at midnight is negligence, but it would not be actionable negligence in the illustration we used, because whether he had tail lights or not did not have anything to do with the head-on collision. It has to be such negligence as directly or immediately brings about injury to another to constitute actionable negligence." In our opinion, the plaintiff has not shown that he was prejudiced by the use of the illustrations referred to in assignments of error Nos. 3 and 4 to the extent that the jury's verdict was

probably influenced thereby against him. *Rea v. Simowitz,* 226 N.C. 379, 38 S.E. 2d 194.

Assignment of error No. 9 refers to the following part of the charge: "The Court instructs you, gentlemen of the jury, that if the plaintiff has fulfilled the responsibility cast upon him by the law to the extent that his evidence, by its quality and convincing power, has satisfied you by the greater weight that the defendant was negligent, either in excessive speed under the time, place, and conditions existing, or was negligent in that he operated his automobile in a reckless, careless and heedless manner, without due regard for the rights and safety of others operating" (the word "on" is apparently omitted) "the highway, or if he has satisfied you that he violated the statute which provides that a person shall not operate his motor vehicle upon the left side of the highway, except under certain circumstances, which do not apply here, or if he has satisfied you by the greater weight of the evidence that the defendant failed to yield to him one-half portion of the highway, I say if he has proven any of those things, and proven them by the greater weight of the evidence, and has further proven that his negligence in any one or more of those regards not only exists, but the act was the direct, immediate cause of the collision between the cars, that is the cause without which the collision would never have resulted, causing damage to his car and injury to his person, I say, if the plaintiff has proven all of those things by the greater weight of the evidence, it would be your duty to answer this first issue in his favor, that is YES."

The plaintiff contends that the trial court in this part of its charge required the plaintiff to satisfy the jury by the greater weight of the evidence that the defendant was guilty of violating not one, but all, of the allegations of negligence alleged in his complaint and supported by evidence before the jury could answer the first issue in his favor. If such contention is tenable, it is not debatable that the plaintiff is entitled to a new trial.

Prior to this assailed part of its charge the court had charged the jury: "It is also the law, gentlemen of the jury, that where a person violates a law which has been enacted for the public safety that that is negligence in itself." Here in its application of the law to the facts the court clearly and accurately charged that if the plaintiff had satisfied the jury by the greater weight of the evidence that the defendant had violated *any one* of the statutes regulating the operation of automobiles, as alleged in plaintiff's complaint, taking them up separately and stating them in the alternative, then the defendant was guilty of negligence and, by way of emphasis, then charged if the plaintiff has proven *any* of those things, and has further proven that his negligence in *any one or more* of those regards not only exists, but the act was the direct, immediate cause of the

collision causing damage to plaintiff . . . Then come the words in the charge: "I say, if the plaintiff has proven all of those things." The court had already charged that actionable negligence consists of two elements: the first negligence and the other proximate cause. Considering the part of the charge challenged by assignment of error No. 9 in its proper setting in the charge as a whole, it seems to us, and we so hold, that the words "all of those things" clearly mean that the plaintiff must prove both negligence and proximate cause, and does not mean that the plaintiff had to satisfy the jury that the defendant was guilty of violating not one, but all, of the negligent acts stated by the court before the first issue could be answered in plaintiff's favor, and that it was so understood by the jury.

The plaintiff assigns as error No. 10 that part of the charge which immediately follows that part of the charge which he has challenged by his assignment of error No. 9, and which reads as follows: "On the other hand, gentlemen of the jury, if, after considering all the evidence, both for the plaintiff and for the defendant, if the plaintiff has not so satisfied you, if you are unable to make up your minds about how the thing occurred, or if the evidence of the defendant outweighs in the scales of your mind that of the plaintiff, or if the scales of your mind remain evenly balanced, are not tipped, to some degree at least, by the quality and convincing power of the plaintiff's evidence, then, under those circumstances, the defendant would be entitled to a favorable answer to that issue and you would answer it No."

The plaintiff contends that the use of the words, "if you are unable to make up your minds about how the thing occurred" is the error in this part of the charge. The sole authority he cites in his brief is the following sentence from 53 Am. Jur., Trial, p. 554: "It is error to charge the jury that the verdict must be for the defendant if the truth of the charge against him remains undetermined in their minds." Am. Jur. gives as authority for this sentence *Nelson v. Evans,* 338 Mo. 991, 93 S.W. 2d 691. The pertinent words in the charge in the *Nelson Case* are: "If, therefore, you find the evidence touching the charge of negligence against the defendant is evenly balanced, or the truth as to the charge of negligence as against the defendant *remains undetermined in your minds,* after fairly considering the evidence, then your verdict must be for the defendant." The italics are those of the Missouri Court. The above quoted words are only part of a longer portion of the charge which is assigned as error. The decision was rendered by the Supreme Court of Missouri, Division No. 2, and the opinion was written by *Westhues, Commissioner,* and adopted as the opinion of the Court. In respect to the words in italics the Court said: "Note, that the instruction told the jury that if the truth as to the charge of negligence remained undetermined in their minds, then

they should find for the defendant. Is it not sufficient if they determine the evidence introduced by a plaintiff to be more convincing to them and more worthy of belief than that offered by the defendant? In our opinion, a verdict for a plaintiff is justified if a jury has determined that the plaintiff has offered substantial evidence in support of his claim, which outweighs and is more convincing than the evidence offered by the defendant . . . A greater burden is cast upon a plaintiff by such an instruction than the law imposes."

In *Drena v. Travelers' Ins. Co.,* 183 N.Y.S. 439, 192 App. Div. 703, at the close of the charge the defendant requested a charge that: "If the jury should find the evidence evenly balanced, or unable to tell where the truth lies, then their verdict must be for the defendant." The Court said: "The request was proper, and it was error to refuse it, unless the jury had been otherwise charged to the same effect."

In *Willis v. R. R.,* 122 N.C. 905, 29 S.E. 941, the first prayer of the defendant for instruction was: "When the minds of the jury are in doubt (whether there was negligence or not) they must find for the defendant." This Court held that the lower court properly refused this prayer. This is much stronger language than that used in the instant case. In the *Willis Case* we said: "In every case, civil or criminal, where there is conflicting evidence, there is probably more or less doubt in the minds of the jury."

Reading the part of the charge challenged by assignment of error No. 10 in its entirety we find that His Honor had stated clearly and accurately three times in substance that if the plaintiff had not satisfied the jury by the greater weight of the evidence that the defendant was guilty of actionable negligence, then the jury should answer the first issue "No." His Honor certainly did not intend to strengthen, weaken or change what he had said by the use of the words, "if you are unable to make up your minds about how the thing occurred," and we do not think his language could have been so understood by the jury. It is not perceived that prejudicial error appears. However, we disapprove of the use of the words, "if you are unable to make up your minds about how the thing occurred," and similar expressions.

The plaintiff assigns as error No. 12 that the court in its charge failed "to charge the statute" concerning the operation of automobiles, while under the influence of intoxicating liquor, and to apply the law to the facts. The plaintiff did not allege as an act of negligence that the defendant was operating his automobile while under the influence of intoxicating liquor; in his complaint and reply there is not a word alleged as to the defendant drinking. If the plaintiff had alleged as an act of negligence that the defendant was operating his automobile while under the influence of intoxicating liquor, and had offered evidence tending to sup-

port such allegation, it would have been reversible error for the lower court in its charge not to have declared and explained this statute, and to state the evidence to the extent necessary to explain the application of this statute thereto. *Kolman v. Silbert,* 219 N.C. 134, 12 S.E. 2d 915; *Barnes v. Teer,* 219 N.C. 823, 15 S.E. 2d 379. The evidence favorable to the plaintiff tends to show these facts: After the crash a pint bottle half full of an unknown yellow liquid was taken out of defendant's car; about an hour and fifteen minutes after the wreck the defendant in the hospital had the odor of alcohol on his breath, and said he had drunk two bottles of beer that afternoon. The defendant's evidence tended to show that he was not under the influence of intoxicating liquor; that there was no intoxicating liquor in his car to his knowledge; that he had two bottles of beer at lunch, and no intoxicating liquor from then until after the crash; that Lionel Collins and his brother, Fred Renegar, were in his automobile at the time of the collision; his brother was killed. For the trial court to have charged as contended by the plaintiff, the plaintiff must have both *allegata* and *probata. Aiken v. Sanderford,* 236 N.C. 760, 73 S.E. 2d 911. He has neither. Assignment of error No. 12 is overruled.

We have examined the other assignments of error of plaintiff, and they are without merit.

The burden is on the appellant not only to show error, but to show prejudicial error amounting to the denial of some substantial right. *Johnson v. Heath,* 240 N.C. 255, 81 S.E. 2d 657. This he has not done.

No error.