MICHAEL ALLEN CLARK AND CELESTE IZZELL CLARK, INDIVIDUALLY AND
AS GUARDIANS AD LITEM FOR DUSTIN MICHAEL CLARK v. SHERRY A.
DICKSTEIN, STUART J. ABRAHAMS, STEVEN R. FORE, DANIEL L.
GOTTSEGEN, RICHARD D. KAPLAN, GREENSBORO GYNECOLOGY AS-
SOCIATES, P.A., JAMES L. RANSOM, RICHARD L. WEAVER, VIVIAN
DENISE EVERETT, LESLIE GAINS, MOSES H. CONE MEMORIAL HOS-
PITAL, A CORPORATION, AND JOHN DOE(S)

No. 8818SC402

(Filed 6 December 1988)

**1. Trial § 5— recesses during trial—plaintiffs not prejudiced**
    There was no merit to plaintiffs' contention in a medical malpractice case
    that the trial court committed reversible error by fragmenting and extending
    the two month trial by recessing court several times during the presentation
    of their evidence, since plaintiffs demonstrated no prejudicial effect from the
    recesses.

**2. Trial § 35.1— malpractice—instructions—jury's inability "to determine where
    the truth lies"**
    The trial court in a medical malpractice case did not err in instructing the
    jury that it should answer an issue against the plaintiffs "if you are unable to
    determine where the truth lies."

APPEAL by plaintiffs from *Cornelius, Judge*. Judgment entered 19 January 1987 in Superior Court, GUILFORD County. Heard in the Court of Appeals 26 October 1988.

Plaintiffs instituted this medical malpractice action seeking damages for their son's permanent brain damage and condition as a spastic quadraplegic, which they argue resulted from a negligently performed delivery.

*Law Offices of Grover C. McCain, Jr., by Grover C. McCain, Jr., Kenneth B. Oettinger and William R. Hamilton, for plaintiff-appellants.*

*Brinkley, Walser, McGirt, Miller, Smith & Coles, by Walter F. Brinkley and Stephen W. Coles, for defendant-appellee Dickstein.*

*Tuggle Duggins Meschan & Elrod, P.A., by Joseph E. Elrod III, J. Reed Johnston, Jr., and Sally A. Lawing, for defendant-appellees Leslie Gains and Moses H. Cone Memorial Hospital.*

JOHNSON, Judge.

Plaintiff Celeste Clark was a patient of defendant Greensboro Gynecology Associates for several years and continued to employ their services after becoming pregnant in late 1983. Her pregnancy progressed without complications for the entire period of gestation. Celeste Clark spontaneously entered labor on 11 July 1984 and was admitted to Moses H. Cone Memorial Hospital on that morning. Her attending physician was Sherry Dickstein. Leslie Gains was responsible for assessing the fetal heart rate during the delivery process through auscultation, the act of listening for sounds within the body, which may be performed with or without a stethoscope.

During the latter portion of labor, complications developed; infant Dustin Clark's fetal heart rate dropped and did not return to normal. Defendant Dickstein performed a rotation of the fetal head and forceps delivery. Plaintiff Dustin Clark remained hospitalized for over one month following delivery and was discharged on 19 August 1984. He is presently institutionalized due to his family's financial inability to provide home care. He is a spastic quadraplegic who is thought to be both blind and deaf and requires constant care. His condition has been diagnosed as irreversible, and his life expectancy is around fifteen years.

At the trial of this matter the issue of causation was stringently challenged. Plaintiffs presented twenty-five witnesses in support of their case, and defendants presented ten witnesses. The trial was conducted over a period of two months. Jury selection was commenced on 3 November 1986 and defendants rested their case on 2 January 1987.

During the course of trial, the presiding judge recessed court on several different occasions for numerous reasons, including the observance of holidays, i.e., Veterans Day, Thanksgiving, Christmas and New Year's, and for the purpose of allowing counsel for both sides to attend a Continuing Legal Education Seminar. The trial judge also took a personal recess.

The jury was charged on 7 January 1987, and returned a verdict of no negligence on all issues as to all defendants after approximately one hour of deliberation. Judgment was entered accordingly on 19 January 1987 and plaintiffs gave notice of appeal.

[1]  On appeal, plaintiffs first contend that the trial court committed reversible error by fragmenting and extending the trial by recessing court several times during the presentation of their evidence. They essentially argue that the lengthy recesses entitle them to a mistrial because they were disruptive and caused their case to be remote in the minds of the jury. We cannot agree, as plaintiffs have demonstrated no prejudicial effect from the recesses.

In the administration of justice in this jurisdiction it is a recognized procedural rule that the basic manner in which a trial is conducted rests in the discretion of the trial judge. *Shute v. Fisher*, 270 N.C. 247, 154 S.E. 2d 75 (1967). Our Supreme Court has stated that

> [i]t is impractical and would be almost impossible to have legislation or rules governing all questions that may arise on the trial of a case. Unexpected developments . . . frequently occur. When there is no statutory provision or well recognized rule applicable, the presiding judge is empowered to exercise his discretion in the interest of efficiency, practicality and justice.

*Id.* at 253, 154 S.E. 2d at 79.

Plaintiffs have failed to demonstrate that the recesses taken amounted to an abuse of discretion by the trial judge or resulted in prejudice to their case. When complicated issues are involved, it is not unusual for a trial to continue for several months. A jury consisting of astute members of our general population is not in-

herently incapable of following the presentation of the issues over a lengthy period of time.

[2] . Plaintiffs next assign error to the trial court's charge to the jury and contend that the instructions were conflicting, misleading and confusing. We do not agree.

The portion of the jury charge to which plaintiffs object appears as follows:

> If you are not so persuaded, *or if you are unable to determine where the truth lies*, then it would be your duty to answer the issue against the plaintiffs; that is, you would answer the issue you are considering in favor of the defendant, or defendants, as the case may be. (Emphasis added.)

We find that plaintiffs have erroneously relied upon *Willis v. R. R.*, 122 N.C. 905, 29 S.E. 941 (1898), which properly refused the following instruction: "When the minds of the jury are in doubt (whether there was negligence or not) they must find for the defendant." *Id.* at 908, 29 S.E. at 943.

Although the Court in *Billings v. Renegar*, 241 N.C. 17, 84 S.E. 2d 268 (1954) admonished against the use of the phrase "if you are unable to make up your minds about how the thing occurred," the Court also found this phrase clearly distinguishable from that used in *Willis. Id.* at 22, 84 S.E. 2d at 271. We have a similar set of instructions before us in the instant case.

The North Carolina Pattern Jury Instructions Civil 809.00 and 809.03 (1984) conform in all substantial respects to the instruction given by the trial judge. We acknowledge the 1987 revision of this instruction which deleted the protested language and substituted the following:

> If, on the other hand, you fail to so find [by the greater weight of the evidence, that the defendant health care provider was negligent and that such negligence was a proximate cause of the injury], then it would be your duty to answer this issue "No" in favor of the defendant (health care provider).

N.C.P.I. — Civil 809.00, 809.03 (1987).

However, we do not believe that the instruction given in this case when "considered contextually as a whole," *Jones v. Development*

*Co.*, 16 N.C. App. 80, 86, 191 S.E. 2d 435, 439, *cert. denied*, 282 N.C. 304, 192 S.E. 2d 194 (1972), contained the potential defects which the Conference of Judges sought to cure by revising the pattern instruction.

It is for these reasons that in the trial of this case we find

No error.

Chief Judge HEDRICK and Judge PARKER concur.