J. B. STANLEY, Administrator of J. T. Stanley, Deceased, v. THE DURHAM & NORTHERN RAILROAD COMPANY.

*Action for Damages—Injury to Person on Track—Negligence and Contributory Negligence.*

1. A person walking on a railroad track is not bound to be on the lookout for a danger which he has no reasonable ground to apprehend, and has a right to suppose that the railroad company will take care to provide against injuring pedestrians by the use of proper lights and signals ; hence,

2. Where, on the trial of an action for damages for injuries resulting in the death of plaintiff's intestate, who was killed by the defendant's train, it appeared that the intestate was walking at night on the railroad track, on which persons were accustomed to walk, and was killed by being struck by a train which carried no light and gave no signal, it was error to instruct the jury that plaintiff could not recover if his intestate could have discovered the train by ordinary watchfulness and precaution, and by using his senses, since the failure of the defendant's train to carry a light was a continuing negligence and the proximate cause of the injury.

CIVIL ACTION, for damages, tried before *Coble, J.*, and a jury, at March Term, 1896, DURHAM Superior Court. There was a verdict for the defendant, and plaintiff appealed, assigning as error the instruction referred to in the opinion of the court.

*Messrs. F. A. Green, J. W. Graham* and *Boone & Bryant*, for plaintiff (appellant).
*Messrs. L. R. Watts, MacRae & Day, J. B. Batchelor* and *Winston & Fuller*, for defendant.

MONTGOMERY, J.: The plaintiff's intestate, in the night time, was walking along the defendant's track between Durham and East Durham, the public being accustomed to use the same as a walking way, when he was run down by the company's engine, which was moving with a box

car in front, and hurt so badly that he died from the injury. The box car in front of the engine obscured the headlight so that the track was not lighted in front of the moving train. The testimony as to whether there was a watchman and light on the box car was conflicting and contradictory. The following issues were submitted to the jury:

1. Was the death of plaintiff's intestate caused by the negligence of defendant?

2. Was plaintiff's intestate guilty of contributory negligence?

3. Could the defendant, notwithstanding previous negligence of the plaintiff's intestate, have by the exercise of ordinary care and prudence avoided injury to him?

4. What damage is plaintiff entitled to recover?

A part of his Honor's charge was as follows: "If the jury should answer the first issue "Yes," that the defendant was guilty of negligence, still this would not excuse the plaintiff's intestate from using ordinary care and due diligence with regard to his own safety. If he could, by the use of ordinary watchfulness and precaution, have discovered the approach of the car and engine in time to have gotten off the track and saved himself, and could have done so and did not, then he contributed to his own injury, and the jury would answer the second issue "Yes." If by using his senses, he could have seen or heard the train coming and failed to ao so, but walked thoughtlessly and carelessly or recklessly along the track, then he was guilty of negligence and contributed to his own injury."

This was error. The plaintiff was not required to be on the lookout for his safety, if there was no light on the box car or other proper signal given to warn him of his danger. It was not incumbent on him to be on the lookout for a danger which he had no reasonable ground to apprehend to exist. He had a right to suppose that the company

would take care to provide against injuring pedestrians on the track by providing proper lights and signals; and to feel secure in acting upon that supposition. And if this light was not furnished (and there was testimony going to show that it was not), the company was not only negligent, but its negligence was a continuing one. The jury found that the defendant was guilty of negligence for its failure to have a light on the car in front of the engine. On account of that failure, the plaintiff's intestate was put off his guard and cut off from the opportunity to see his danger, and the failure was a continuing negligence of omission of duty on the part of the company, the performance of which would have enabled the defendant to have had the last clear opportunity to prevent the injury, and this negligence was therefore the proximate cause of the injury. *Lloyd* v. *Railroad Co.*, 118 N. C., 1010; *Mesic* v. *Railroad, ante.*

The charge of his Honor was otherwise a clear and full exposition of the law of negligence as applicable to the facts of the case and, if *Lloyd's case, supra*, had been published at the time of the trial, his Honor would not have fallen into the error herein pointed out.

New Trial.