Action for personal injury caused by alleged negligence of employees and agents of Southern Railway Company, operating defendant's road under lease from defendant.
There was evidence tending to show that on the night of 6 March, 1904, intestate of plaintiff, while walking along the track of defendant in the town of Concord, was run over and killed by the train of defendant's lessee; that the place of the occurrence was between the Buffalo and Cannon mills, a thickly settled portion of the town of Concord, and the track there was used as a common walkway by the mill hands and others. One witness testified: "The mill people use the railroad track as a common walkway. It is very thickly settled along there and the track is used as a path and walkway. I suppose as much as any street in Concord." Another witness testified that the plaintiff's intestate "and (246) everybody else in that section used the railroad track in coming and going from the mill and in coming and going from the depot, and nobody ever objected to it." That it was a dark and rainy night and the intestate was going along to his boarding-house "like we always go," and he was run over and killed by the train going north, and that said train had no headlight and gave no signal or warning of any kind. Intestate's antemortem statement, received without objection, was as follows: "I was coming up the track from the depot to my boarding place, like we always go. It was raining hard, and I turned my collar up around my neck to keep from getting wet. The first thing I knew the *Page 209 
train struck me, I did not see any light and it didn't have any light, and did not give any signal. The first thing I knew it had struck me."
There was other testimony as to the absence of light and the failure to give any signal. At the request of the plaintiff the court below gave special instruction to the jury as follows:
"If the jury should find from the evidence, the burden being upon the plaintiff to establish it by the greater weight of the evidence, that the defendant was running its train through the corporate limits of the town of Concord along its track, and that this track whereon the train was running was much used by the public, both in crossing the track and in walking on the track, and if the jury should further find from the evidence that on the night alleged by the plaintiff it was running its train at the place above stated, at a rapid rate, without any headlight or other proper signal, and while so running, ran over and killed the intestate; and if the jury should further find from the evidence that if there had been a proper light upon the engine, or if the bell had been ringing, the intestate would have had notice of the approaching train in time to escape the danger, and would have escaped, and that the plaintiff did not have such notice or warning, and by reason thereof was injured, then such failure to have the headlight or other proper (247) signal was what the law calls continuing negligence, and would be the proximate cause of the injury, and the jury should answer the first issue `Yes' and the second issue `No.'"
There was verdict and judgment for plaintiff, and defendant excepted and appealed.
The principle embodied in the special prayer for instructions is in accord with the decision of this Court in Stanly v. R. R., 120 N.C. 514, and others of like import. These cases are decisive in favor of plaintiff's right to recover on the facts presented in the record, and the Court holds there is no error.
In this charge the intestate was not relieved of all obligation to look and listen by reason of the defendant's breach of duty, as in Cooper v. R.R., 140 N.C. 209, cited and relied upon by the defendant. On the contrary, the prayer for instructions assumes that the plaintiff was required to do both, and rests the right to recover on the fact that the intestate was prevented from nothing the approach of the train by reason of the defendant's failure to have a light or give any warning of its approach — this fact to be determined by the jury.
No error. *Page 210 
 Cited: Morrow v. R. R., 147 N.C. 627; Allen v. R. R., 149 N.C. 260;Hammett v. R. R., 157 N.C. 324; Shepherd v. R. R., 163 N.C. 520; Hillv. R. R., 166 N.C. 597; McNeill v. R. R., 167 N.C. 399; Horne v. R. R.,170 N.C. 648, 661; Horton v. R. R., 175 N.C. 484.
(248)