DORA ALLEN v. NORTH CAROLINA R. R. CO.

(Filed 2 December, 1908).

**Railroads — Negligence — Lights — Signals—Crossings—Evidence— Nonsuit.**

> Plaintiff's intestate was killed by defendant's train, consisting of an engine and twenty freight cars, backing along its track on a dark night, without signals or warnings, and without lights on the rear car from the engine. At the place of the injury was an embankment on which was a track of another company running parallel with that of defendant. The injury occurred while plaintiff, an employee, was going home from his work, and crossing the tracks at a place where, to defendant's knowledge, people usually crossed. The evidence tended to show that on top and about the middle of the train were two men standing with lighted lanterns. *Held*, a judgment as of nonsuit upon the evidence should not be sustained, as the question was for the jury to determine whether the lanterns could have been readily seen at the time, and under the circumstances, by an observant person on the ground.

ACTION, heard before *Justice, J.,* and a jury, June Term, 1908, of MECKLENBURG, to recover damages for the alleged negligent killing of plaintiff's intestate, P. H. Allen.

At the conclusion of plaintiff's evidence, a motion to nonsuit was sustained, and the plaintiff excepted and appealed.

*McNinch & Kirkpatrick* and *Morrison & Whitlock* for plaintiff.

*W. B. Rodman* for defendant.

BROWN, J. The evidence tends to prove that the plaintiff's intestate was killed on defendant's track on 2 February, 1906, in the city of Charlotte. He was an employee of the Seaboard Air Line and had left his work to go to his home. The tracks of the Seaboard Air Line and defendant are parallel for some distance, and people habitually walk on the tracks of both roads along where the accident occurred. There is a path between the two roads, which crossed the track of the defend-

ant twice between the two crossings. The scene of the acci-
dent was between the two crossings, on a very dark and
windy night. A train operated on defendant's road, consist-
ing of an engine and two box cars, moving backwards, the
engine pushing the cars, struck the intestate and killed him.

The alleged scene of this accident is on an embankment
some fifteen feet high, and about five hundred and eighty-six
feet north of this crossing of the two railroads. The tracks
of the defendant and the Seaboard Air Line are both located
on this embankment, and ten feet eight inches apart.

The steam of the engine was shut off, and the train was
moving down grade at the rate of about twelve miles per hour.

The plaintiff alleged three distinct acts of negligence, to-
wit: that the defendant operated an engine and train of cars
over a portion of its track running through A street, or if
not A street, then a place used as a common walkway by the
public in the city of Charlotte, on a very dark and rainy night,
without having a light or other proper signal on the lead or
forward car; that it ran the train faster than the law allowed;
that it ran the train without ringing the bell as the law re-
quired.

We are of opinion that there is error in his Honor's ruling
in sustaining the motion to nonsuit, and that, upon the evi-
dence, he should have submitted the case to the jury upon
proper issues and instructions.

It is in evidence that the car which was on the end of the
backing train had no light on the end of it, but that two men
were standing in the middle of it with lanterns in their hands
hanging by their sides. As the cars, according to the evidence,
are about fifteen feet in height from the earth and near thirty-
six feet in length, we are unable to say whether lanterns so
held in the middle of the car could be readily seen by an
observant person on the tracks below. Much would depend
upon the height at which the lantern was held above the top
of the car. We think this is a matter peculiarly for the con-

sideration of the jury as to whether a lantern so placed would answer the same purpose as one on the end of the car.

. It has been repeatedly held by this Court that it is negligence in a railroad company to back its trains along a place used by the public, as a common walkway, in the night time, without a light on the end of the backing train so as to give warning of its approach.

It is true, as contended, that such breach of duty does not relieve the individual of all obligation to look and listen for engines and trains, when he attempts to walk on or cross the tracks of the company, nor does it absolve him from the consequences of such negligence.. *Cooper v. R. R.,* 140 N. C., 209; *Heavener v. R. R.,* 141 N. C., 247.

But we find in the record nothing that would warrant a judgment of nonsuit upon the ground of contributory negligence, apparent from plaintiff's evidence.

There is also evidence, that although the whistle was blown for a crossing 586 feet from where the intestate was killed, the bell was not rung and no other signal given of the approach of the train after it passed the crossing.

We fail now to see how the speed of the train, whether four or twelve miles per hour, whether in violation of the city ordinance or not, could have been the proximate cause of the injury under the circumstances of this case, but that may be made clearer upon the next trial.

New trial.