GUS HAMMETT v. SOUTHERN RAILWAY COMPANY.

(Filed 13 December, 1911.)

**Railroads—Negligence—Personal Injury—Light or Warnings—Contributory Negligence—Evidence—Nonsuit.**

Evidence tending to show that plaintiff was injured on a dark and cold night with a strong wind blowing, as he was walking along a path by the railroad track, about 2 feet from the end of the crossties, by being struck by defendant's switch engine running backward without lights or other warnings of its approach, is sufficient upon the question of defendant's negligence, and while it may be possible in this case that the plaintiff was himself negligent in walking too near the track or attempting to cross it without looking and listening, contributory negligence cannot be inferred as a matter of law, and a motion to nonsuit upon the evidence should not be sustained.

APPEAL from *Lane, J.,* at July Term, 1911, of BUNCOMBE.

Civil action for damages for personal injury.

At conclusion of the plaintiff's evidence his Honor sustained motion to nonsuit, and plaintiff appealed.

*Craig, Martin & Thomason for plaintiff.*
*Moore & Rollins and Julius C. Martin for defendant.*

BROWN, J. The following résumé of plaintiff's evidence is taken from the brief of the counsel for defendant: "The plaintiff testified that he was working at a tannery, some distance south of the public bridge across the French Broad River which leads from Asheville to West Asheville, where plaintiff lived; that the tannery was in Asheville, and on the morning of the injury he came from West Asheville to Asheville, crossed the public bridge, and walked along a street to the railroad, and then started and walked south along the railroad, between the tracks, until he was stricken by the engine. He testified that there was a path along on the right-hand side of the railroad track, in which he was walking, about 2 feet from the end of the crossties, and that many people walked that way; that there were several tracks there, and he was going along the way he usually went, when a switch engine struck him and drug him from 15 to 20 feet; that the engine was going backwards, and that it was the tender that struck him; that the end that struck him had no light on it; that the train was not running fast; that it knocked him down, and the engine ran 2 or 3 feet after they shut the steam off; that the accident happened 20 minutes past 6 in the morning."

The evidence further tends to prove that it was very dark and cold and a strong wind blowing; that the pathway had not been used by the public for ten years, to defendant's knowledge.

It is unnecessary to quote further from the evidence. It is possible that the plaintiff's injury may have resulted from his own negligence in walking too near the track or attempting to cross it without looking and listening, but this is not so apparent from the evidence that it must be inferred as matter of law.

We have said repeatedly that it is negligence to back an engine or train in the dark without a light on the tender or on

the forward car. It may be there was a light on the end of the tender, but plaintiff testifies there was none. Had there been a light, it might have given timely notice of the approach of the tender and engine and thus warned and saved the plaintiff. We think the case comes within the principles laid down in *Heavener v. R. R.,* 141 N. C., 245; *Purnell v. R. R.,* 122 N. C., 832; *Stanley v. R. R.,* 120 N. C., 514.

The judgment of nonsuit is set aside.

New trial.