J. H. HILL v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 23 September, 1914.)

1. **Railroads — Motor Cars—Signals—Crossings—Negligence—Rule of Prudent Man—Questions for Jury.**

   It is required of a railroad company that its rolling equipment, in this case a motor car, traveling upon its tracks, shall give such signals while approaching a public crossing as will be reasonably sufficient for the purpose of warning those who intend to cross of their danger, or such as a man of ordinary prudence would in the exercise of reasonable care consider proper under the circumstances of each case.

2. **Same—Lights at Night—Deaf Persons—Look and Listen—Trials —Evidence—Proximate Cause—Questions for Jury.**

   Where a deaf person has been injured while attempting to cross a railroad track at night, by a motor car of the railroad company traveling thereon, without a light, bell, or whistle, and there is evidence that he looked and listened before entering upon the track; that the defendant's employees on the car shouted to him to warn him of the danger; that had his hearing been

normal he would have become aware of the approaching car; and also conflicting evidence of the speed of the car, and of its having been slowed by the defendant's employees as much as possible in their endeavor to prevent the injury, the issue as to the defendant's negligence is properly submitted to the jury under an instruction that the failure of the defendant to have a light on the car was evidence of negligence, which was actionable if it proximately caused the injury complained of. *Edwards v. R. R.*, 132 N. C., 99, cited and distinguished.

3. Railroads — Trials — Lights at Night—Negligence—Contributory Negligence—Defenses.

The negligence of the employees on a train or motor car of a railroad company running at night without a light, on its railroad track, is not such continuing negligence as will deprive the defendant, in an action for damages for a personal injury, of the defense of contributory negligence on the plaintiff's part. The charge of the court in this case is approved. *Stanley v. R. R.*, 120 N. C., 514, is overruled on this point.

APPEAL by defendant from *Bond, J.,* at June Term, 1914, of WILSON.

Plaintiff, while walking over a public crossing in the town of Lucama, N. C., was struck by a motor car of defendant moving along its track, and seriously injured. There was evidence for plaintiff that the speed of the car was 25 miles an hour, and also evidence for defendant that it had been running at the rate of 10 miles an hour, but that the speed at the time it hit the plaintiff had been reduced to 5 miles an hour. Plaintiff's evidence tended to show that on a dark and cloudy night, 18 September, 1912, he was using the public crossing in going for some milk; that when he approached the tracks of defendant he looked and listened for cars and trains, and seeing none, he continued on his journey; that it was very dark and cloudy and he could not see the car, and being somewhat deaf, he could not hear it coming; the servants of defendant in charge of the car gave no signal by bell or whistle, and there was no light on the car. It was a motor car that struck him and was running 25 miles an hour.

Defendant's evidence tended to show that the noise of the moving car could easily have been heard by the plaintiff, if he

166—38

had not been deaf, and that it was not dark enough, at the time, to prevent him seeing the car in time to get off the track, provided he had looked, as he says he had. It was admitted that there was no light, bell, or whistle on the car and no signal by the use of either of them was given. The men on the car halloed at plaintiff very loudly in time for him to avoid the truck, but he did not hear them, being deaf, and walked upon the track and was stricken by the car. That everything was done to stop the car after they first saw him, without success, as he was too near at the time, but the speed was lowered to 5 miles per hour.

The court charged the jury fully as to the rights of the respective parties, stating to the jury that it was the duty of the defendant, in approaching the crossing with its engines and cars, being a public one, to give signals to those using the same, and a failure to do so, if the proximate cause of the injury, would be actionable negligence, in the absence of plaintiff's contributory negligence. That it was the duty of the plaintiff to have looked and listened for approaching trains and cars, when crossing the tracks and before going thereon, and a failure to do so, if it proximately caused the injury, would be contributory negligence.

No serious exception was taken to the general charge of the court upon the law of negligence and contributory negligence as applicable to the facts, but defendant asks for a reversal of the verdict and judgment because the court virtually told the jury that, notwithstanding the noise of the car might have been heard by a man not deaf, or that the persons on the car called or shouted to the plaintiff to stop in time to have prevented the accident if he had not been deaf and could have heard, it was the duty of defendant to have had a light on the car moving on its track at night, if plaintiff would have seen it and thereby escaped the injury, and the failure to have it, under such circumstances, was negligence, the law requiring the plaintiff and other pedestrians using the crossing to look *and* listen for trains, but that this would not be so if plaintiff could have seen the car by looking, and failed to do so.

HILL *v.* R. R.

*W. A. Finch and H. G. Connor, Jr., for plaintiff.*
*F. S. Spruill for defendant.*

WALKER, J.  It was not denied that plaintiff was deaf and
could not hear the noise of the moving car.  The object of the
law in requiring a signal is to give due warning of the approach
of trains, and such signal should be given as will be reasonably
sufficient to secure that end; or, to put it another way, such a
signal as a man of ordinary prudence, in the exercise of reason-
able care, would consider a proper one for that purpose, under
the particular circumstances of each case.  It is true, we said
in *Edwards v. R. R.,* 132 N. C., 99, that an instruction of the
court that a signal must be given by bell *and* whistle was errone-
ous, as the special circumstances might not call for both, but it
should be left to the judgment of the engineer, while exercising
ordinary care, in each case.  The ring of a bell might some-
times be more effective, as a warning to travelers and pedestrians
on the crossing, than the blow of a whistle, and *vice versa.*  We
also there said:  "It must be left to the jury to decide, under
proper instructions from the court as to the law, what is a
proper signal in any given case."  But in the *Edwards case* we
were speaking with reference to its special and peculiar facts,
and of signals by bell or whistle, or both, from a train running
in the daytime, when a headlight would be of little or no avail.
The same cannot reasonably be said of the signal required by
night, except in a general way.  When a fast-moving engine or
motor car is nearing a crossing in the night, common prudence
requires that there should be some signal by light, so that the
person using the crossing, who is required to look, may see the
approaching engine or car, and for this reason engines are fur-
nished with headlights.  The user of the crossing is entitled to
have it, so that he may exercise both senses, sight and hearing,
which are given for his protection, and which the law requires
him to employ for his own safety.  And this Court has so held
heretofore in *Purnell v. R. R.,* 122 N. C., 832.  There were two
dissenting opinions in that case, one by *Chief Justice Faircloth*
and the other by *Justice Clark,* now Chief Justice; but neither

was based upon any supposed error in the opinion of the Court upon the question of defendant's negligence, but both related to the second issue, as to contributory negligence. We understand from the tenor of the dissenting opinions that both judges concurred with the majority opinion on the question as to the duty to give a signal by light when moving trains in the nighttime. That case is in harmony with *Lloyd v. R. R.*, 118 N. C., 1010; *Stanley v. R. R.*, 120 N. C., 514; *Mesic v. R. R., ibid.*, 489. In the *Lloyd case* the Court said: "It was negligence on the part of the defendant to run its engine after night, rear in front, without such a light, for two reasons: first, because by its aid the intestate might possibly have been seen in time to stop the train and avert the accident; and, secondly, because every person who used the track as a footway, under the implied license of the defendant, had reasonable ground to expect that such care would be exercised and to feel secure in acting upon that supposition." So in *Stanley's case* the Court said: "He (plaintiff's intestate, while walking on the track) had a right to suppose that the company would take care to provide against injuring pedestrians on the track by providing proper lights and signals, and to feel secure in acting upon that supposition. And if this light was not furnished (and there was testimony going to show that it was not), the company was not only negligent, but its negligence was a continuing one. The jury found that the defendant was guilty of negligence for its failure to have a light on the car in front of the engine. On account of that failure, the plaintiff's intestate was put off his guard and cut off from the opportunity to see his danger."

In *Purnell's case* and *Stanley's case* the injured parties were standing or walking on the tracks, while in this case the plaintiff, when hurt, was on a public crossing, where he had a perfect right to be, and while there the defendant should have taken care of him by the ordinary precautions.

In *Morrow v. R. R.*, 147 N. C., at p. 627, we said: "Its (the defendant's) failure to have a headlight, so that he (the plaintiff) could see the train as it approached and clear the track, was negligence as to him." And again, at p. 626: "Travelers

on a highway which crosses a railroad track have the right to use the highway, and are therefore entitled to notice of the approach of trains to the crossing."

The case of *Gerringer v. R. R.,* 146 N. C., 32, seems to be directly in point. In that case *Justice Brown* said, at page 34: "The evidence that the shifting engine was backing up the track towards the crossing, upon a dark night, without any light or precautionary signal, and ran over and killed plaintiff's intestate and his companion, Craven, is full and convincing. The facts of this case disclose a degree of carelessness upon the part of the engineer in charge of the shifting engine that is almost criminal, and for the consequences of which the company could not reasonably expect to escape liability." The *Chief Justice* said in *Thompson v. R. R.,* 149 N. C., 155, 157: "The defendant was negligent in operating a train at night without a headlight," citing *Willis v. R. R.,* 122 N. C., 909. The case of *Heavener v. R. R.,* 141 N. C., 245, applies the same rule to facts very similar in principle to those in this case, and approves *Stanley's case, supra.* It is said in the recent case of *Allen v. R. R.,* 149 N. C., 258, 260, *Justice Brown* writing the opinion: "It has been repeatedly held by this Court that it is negligence in a railroad company to back its trains along a place used by the public as a common walkway, in the nighttime, without a light on the end of the backing train so as to give warning of its approach."

We could multiply the cases supporting the doctrine, but why do so? What is the use? To sum up: The judge charged the jury fully and clearly as to plaintiff's duty in passing over the crossing to *look* and to *listen,* and that if he failed to do so and was injured thereby, he could not recover, and they should answer the second issue "Yes"; and further, that it was the duty of the defendant to have a light at night on its car, so that it could be seen by those using the crossing of its tracks and the public street, if by having a light plaintiff would have seen the car and avoided injury. There was no light on the car. As it had no bell or whistle with which to warn those on the crossing, or about to come upon it, of the danger, it stands to reason that the only other feasible signal, that is, a light, should have been

supplied. The plaintiff could not hear, but he could see, and no doubt would have seen if there had been a light. He was deprived of one sense, but the other, that of sight, was left to him unimpaired, and he had the right to the full use of it for his protection, and moreover was required by the law to resort to it in the absence of the other. But the use of it for his safety was practically destroyed by defendant's plain omission of·duty.

The jury evidently found, under the evidence and charge, that plaintiff looked and could not see the car as it approached, and that he could not hear it, because the court instructed the jury that if he saw the car or did not look for it, he was guilty of contributory negligence, and they answered that issue "No." This being so, it becomes plain that he was entitled to the benefit of a light, that he might use his only other available sense, that of vision, to better advantage, and save himself from injury. A motor car has no special privilege in this respect which is denied to an engine or to a box car. Both can wound and kill.

While we have referred to *Stanley's case* and made an extract therefrom, we do not agree to all that is said therein; as we do not think it is what is called "continuing negligence" not to have a headlight on a moving engine at night, in the sense that the failure to have one would exclude the defense of contributory negligence and entitle the plaintiff to recover, even though he had failed to look and listen before going upon the track in the exercise of ordinary care. We have expressly approved the court's charge in the present case, because he gave the defendant the full benefit of the defense of contributory negligence, and required, before the jury could render a verdict in favor of the plaintiff, that they should find that he had exercised due care as defined by the law.

This disposes of the main exception and the only one upon which emphasis was laid. The other instructions excepted to were substantially correct, especially so when construed in the light of other parts of the charge, which must be viewed as a connected whole, and not distributively.

We find no reversible error in the record.

No error.